UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.:  8:24-cr-524-TPB-AAS

WILLIAM WILEY,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTIONS FOR JUDGMENT OF ACQUITTAL AND MOTION FOR NEW TRIAL

This matter is before the Court on the following motions, filed by Defendant William Wiley who is proceeding *pro se*:

    "Motion for Judgment of Acquittal" (Doc. 106);
    "Amendment to Defendant's Motion for Judgment of Acquittal" (Doc. 108); and
    "Motion for New Trial" (Doc. 118).

The Government filed a response in opposition. (Doc. 128). Upon review of the motions, response, court file, and the record, the Court finds as follows:

### Background

Defendant William Wiley was charged by superseding indictment with conspiracy to distribute or possess with the intent to distribute methamphetamine (Count One) and distribution and possession with intent to distribute methamphetamine (Count Two). (Doc. 66). On July 8, 2025, a jury returned a verdict of guilty on both counts. (Doc. 92; 96). At trial, the Court denied without prejudice Defendant's oral motion for judgment of acquittal but provided leave for Defendant to file a written motion with legal argument. (Docs. 92; 93; 94).

On July 22, 2025, Defendant filed his renewed motion for judgment of acquittal. (Doc. 106). On July 23, 2025, Defendant filed an amendment to that motion. (Doc. 108). On August 20, 2025, Defendant filed a motion for new trial. (Doc. 118).

## Legal Standard

### *Judgment of Acquittal*

Under Federal Rule of Criminal Procedure 29, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The court may reserve ruling, and after a jury verdict, the defendant may renew his motion. Fed. R. Crim. P. 29(c).

When deciding a Rule 29 motion, a district court must "determine whether, viewing all evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *United States v. Grisby*, 111 F.3d 806, 833 (11th Cir. 1997) (quoting *United States v. O'Keefe*, 825 F.2d 314, 319 (11th Cir. 1987)). For a defendant to successfully challenge a jury's guilty verdict based on insufficiency of the evidence, it must be established that "no reasonable jury could have found [the defendant] guilty beyond a reasonable doubt on the evidence presented." *United States v. Ruiz*, 253 F.3d 634, 639 (11th Cir. 2001).

*New Trial*

A new trial may be granted either in the interests of justice or on the basis of newly discovered evidence. Fed. R. Crim. P. 33(e); *United States v. Ramos*, 179 F.3d 1333, 1336 n.1 (11th Cir. 1999). Here, Defendant only appears to present the interests of justice as a reason for new trial – he does not cite to any newly discovered evidence.

The trial court maintains discretion to decide whether to grant a motion for new trial, *United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994), and when deciding whether to grant a motion for new trial, the trial court must give proper deference to the jury's factual findings. *See United States v. Pedrick*, 181 F.3d 1264, 1267 (11th Cir. 1999). "On a motion for a new trial based on the weight of the evidence, the court need not view the evidence in the light most favorable to the verdict. It may weigh the evidence and consider the credibility of the witnesses." *United States v. Hernandez*, 433 F.3d 1328, 1335 (11th Cir. 2005) (citation and quotation omitted). But even the uncorroborated testimony of a co-conspirator, where not otherwise incredible, can support a conviction. *See United States v. Garcia*, 405 F.3d 1260, 1270 (11th Cir. 2005).

Importantly, the Eleventh Circuit Court of Appeals has made it clear that "[a] motion for new trial must be viewed with 'great caution.'" *United States v. Reed*, 887 F.2d 1398, 1404 (11th Cir. 1989) (citation omitted); *United States v. Williams*, 146 F. App'x 425, 434 (11th Cir. 2005). The trial court is not permitted to "reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *United States v. Martinez*, 763 F.2d 1297, 1312-13 (11th Cir. 1985).

Instead, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id*. at 1313. Ultimately, "[m]otions for new trials based on the weight of the evidence are not favored" and should be granted in "only those really exceptional cases." *Id*. (citation and internal quotation omitted).

## Analysis

The Court has considered the arguments and concludes that Defendant is not entitled to judgment of acquittal or a new trial on either count.

### *Motion for Judgment of Acquittal and Amendment to Motion*

To prove Defendant guilty of conspiracy to distribute or possess with the intent to distribute methamphetamine, as charged in Count One, the Government must establish beyond a reasonable doubt that: (1) two or more people in some way agreed to try to accomplish a shared and unlawful plan, the object of which was to distribute or possess with the intent to distribute methamphetamine; and (2) Defendant knew the unlawful purpose of the plan and willfully joined in it. *See* 21 U.S.C. §§ 846 and 841(b)(1)(A).

To prove Defendant guilty of distribution and possession with intent to distribute methamphetamine, as charged in Count Two, the Government must establish beyond a reasonable doubt that: (1) Defendant knowingly and intentionally distributed or possessed with the intent to distribute a controlled substance, that is methamphetamine; and (2) Defendant knew at the time of distribution that the

substance he distributed was a controlled substance. *See* 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); 18 U.S.C. § 2.

The evidence at trial showed that at an unknown time prior to March 5, 2024, and continuing through March 5, 2024, Defendant agreed with others to distribute and possess with intent to distribute methamphetamine, and that knew of the unlawful purpose of the plan and willfully joined in it. Nicole Morad testified that prior to March 2024, she and Defendant both bought and sold large quantities of narcotics to and from each other, and that her brother also bought and sold quantities of narcotics with Defendant. Morad testified that after she was arrested, she became a confidential informant. At the direction of law enforcement, she reached out via text message to Defendant to attempt to purchase methamphetamine from him. Defendant responded to the text messages and agreed to sell her a half-pound of methamphetamine. In the texts, Defendant referenced an unidentified individual he would be purchasing the distributable amount of methamphetamine from to sell to Morad. Morad and Defendant agreed upon a price, a meeting location, and a time. These text messages were admitted into evidence at trial.

During Morad's testimony, a video of the drug transaction between Defendant and Morad was admitted into evidence. The video shows Defendant getting into Morad's vehicle at the meeting location. An unidentified female approached the vehicle and handed Morad a stuffed animal. Morad testified that she thought the item was a present for her child and asked Defendant whether they were going to conduct the drug transaction. Defendant responded by telling Morad that she had it in her

hand. Before exiting the vehicle, Defendant returned the conversation to the methamphetamine sold to Morad that day, telling her that it was good quality and she would like it.

Given this evidence, and the reasonable inferences that could be drawn from the evidence, a reasonable jury could find beyond a reasonable doubt that Defendant committed the charged offenses.

## *Motion for New Trial*

Defendant argues that he is entitled to a new trial for several reasons. First, he argues that he is entitled to a new trial due to prosecutorial misconduct in filing a superseding indictment and the misrepresentation of facts when pursuing the conspiracy charge. Prosecutors maintain discretion to pursue charges, and Defendant has not demonstrated any conduct that would rise to the level of prosecutorial misconduct.

Defendant also complains about the sufficiency of the evidence against him and the jury instructions. As discussed above, the evidence and inferences that could be drawn from the evidence support the jury's verdict. The jury instructions used were not fatally defective and were in fact the pattern instructions used by the Eleventh Circuit. Given the strength of the evidence presented at trial, this is not an "exceptional case in which the evidence preponderates heavily against the verdict" such that "a miscarriage of justice may have occurred" or some substantial rights of a defendant may have been jeopardized at trial. *United States v. Robertson*, 110 F.3d

1113, 1120 n.11 (5th Cir. 1997); *see also United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989); *United States v. Wilson*, 894 F.2d 1245, 1252 (11th Cir. 1990).

Defendant next argues that the trial court erred by admitting into evidence "highly prejudicial out of court statements" over his objection – namely, the text messages between Defendant and Morad. However, these statements are plainly admissible under Federal Rule of Evidence 801(d)(2). Defendant's complaint that there is no independent evidence of the conspiracy is unavailing in light of the evidence presented at trial, including video evidence of the transaction.

Defendant finally claims that the trial court erred by denying his motion for a bill of particulars. He alleges that he was surprised by the language and statues cited in Count Two of the superseding indictment, and that the Court's denied his request for a bill of particulars on the first day of trial provides a basis for a new trial. However, Defendant does not claim that he was surprised by any of the evidence presented at trial. The superseding indictment is facially sufficient, and Defendant had been provided with discovery. *See United States v. Davis*, 854 F.3d 1276, 1293 (11th Cir. 2017) (noting that "a defendant is not entitled to a bill of particulars where the information sought has already been provided by other sources, such as the indictment and discovery."). The denial of the motion for a bill of particulars does not warrant a new trial under these circumstances.

## Conclusion

Viewing all evidence in light most favorable to the Government, and drawing all reasonable inferences and credibility determinations in favor of the jury's verdict, a

reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt as to Counts One and Two. Furthermore, none of the arguments presented by Defendant warrant a new trial. Consequently, Defendant's motions (Docs. 106; 108; 118) are **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of October, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE